## B. F. ROWLAND v. BALTIMORE & O. RY.

STATUTE TAXING ATTORNEY FEES ON APPEAL IN FIRE DAMAGE CASES AGAINST RAILROADS IS UNCONSTITUTIONAL.

Gen. Code 8973 (R. S. 3365-7) which provides for the taxing of an attorney fee where an appeal is taken in certain actions for damages on account of fires caused by railroads is unconstitutional and void.

[Syllabus by the court.]

ERROR to Harrison common pleas court.

*Perry & Rowland,* for plaintiff in error.

*J. M. Lessick* and *Hollingsworth & Worley,* for defendant in error:

Cited and commented upon the following authorities: *Baltimore & Ohio Ry.* v. *Kreager,* 61 Ohio St. 312 [56 N. E. Rep. 203]; *Hocking Val. Coal Co.* v. *Rosser,* 53 Ohio St. 12 [41 N. E. Rep. 263; 29 L. R. A. 386; 53 Am. St. Rep. 622].

## METCALFE, J.

The plaintiff in error brought this action originally before a justice of the peace to recover for damages to his property caused by fire originating in the railroad company's right of way. The case was tried before the justice and appealed to the common pleas court, where a verdict and judgment was rendered in favor of the plaintiff. The plaintiff thereupon moved the court to include in the judgment an attorney fee which the court refused to do, and such refusal is the only ground of error assigned here.

The plaintiff claims the right to an attorney fee to be taxed against the defendant under favor of act 91 O. L. 187, Gen. Code 8973 (R. S. 3365-7), and the defendant resisted on the

ground that the statute which permits it is unconstitutional. The section reads as follows:

"In case either party appeals from the judgment of a court in which an action under the three next preceding sections is begun, or carries the case up on error, the party in whose favor judgment finally is rendered shall have included in his bill of costs against the adverse party, an attorney fee of fifty dollars, if it is not carried beyond the circuit court. But if carried to the Supreme Court of Ohio an attorney fee of one hundred dollars shall be included in his bill of costs."

In the case of *Hocking Val. Coal. Co.* v. *Rosser*, 53 Ohio St. 12, 15 [41 N. E. Rep. 263; 29 L. R. A. 386; 53 Am. St. Rep. 622]; original R. S. 6563a, which authorized the taxing of an attorney fee in favor of the plaintiff in suits on certain claims for labor, was held unconstitutional on the ground that it was class legislation. But it is urged that this holding does not apply to Gen. Code 8973 (R. S. 3365-7), inasmuch as the latter section permits an attorney fee to be taxed in favor of the winning party, whether plaintiff or defendant, and against the loser. In our judgment the provision making the fee assessable against the loser does not relieve the statute from its objectionable features. It is still class legislation. Those who are so unfortunate as to have litigation over fires caused, or claimed to be caused by railroads, are singled out as a class by themselves and the one who wins is granted a favor which is denied to all other litigants, and the loser has inflicted upon him an added burden of costs which is not imposed upon any others. In *Hocking Val. Coal Co.* v. *Rosser, supra,* it was not the fact that one of the parties only was given the right to have his attorney fee charged against his adversary that made the statute unconstitutional. It was the fact that a class of litigants was separated from all others and favors granted or burdens imposed which other litigants were not obliged to bear. "All courts shall be open and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law." Art. 1, Sec. 16 Const. of Ohio. "No state shall * * * deny to any person within its jurisdiction

the equal protection of the laws." Fourteenth amendment U.
S. Const. Every person has an equal right with every other per-
son to invoke the action of the courts of the state for the pro-
tection of his person or property and it is not "due course of
law" or "equal protection of the laws" where those who have
property destroyed by fire caused by a railroad are put in a
class by themselves and are offered a reward in the shape of
an attorney fee if they win their cases and are required to pay
one to their adversary if they lose.

Judgment is affirmed.

**Laubie, J.,** concurs.